UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61278-STRAUSS

ANDREA LESCANO,

    Plaintiff,

v.

FRANCO AND COMPANY LLC, *et al.*,

    Defendants.

_____/

## ORDER REQUIRING COMPLIANCE WITH SETTLEMENT AND DISMISSING CASE

THIS MATTER came before the Court upon Defendants' Motion to Compel Plaintiff to Execute the Settlement Agreement Pursuant to the Terms Reached at the Settlement Conference ("Motion to Compel") [DE 35].[1]

On October 9, 2024, I conducted a settlement conference in this matter. The parties reached a settlement in which they agreed to the following terms (the "Terms"):

> (1) Defendants will pay Plaintiff a total of $10,500, broken down as follows: (a) $1,750 for unpaid wages; (b) $1,750 for liquidated damages; (c) $1,000 as consideration for a general release; and (d) $6,000 for Plaintiff's attorney's fees and costs;
>
> (2) payment will be made within 30 days of Plaintiff signing a written settlement agreement memorializing the terms upon which the parties agreed (payment would also be contingent upon the Court approving the parties' agreement);

---

[1] Plaintiff filed a *pro se* response [DE 37] to the Motion to Compel. However, because Plaintiff is represented by counsel, her filing of a *pro se* response (rather than through counsel) is unauthorized. *See* S.D. Fla. L.R. 11.1(d)(4) ("Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to the opposite party; provided, that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared or is represented by an attorney."). Therefore, the Court finds it appropriate to strike Plaintiff's response [DE 37]. *See Ruiz v. Wing*, 991 F.3d 1130, 1144 (11th Cir. 2021); *United States v. Camilo*, 686 F. App'x 645, 646 (11th Cir. 2017).

(3) Plaintiff agreed to a general release of all claims against Defendants;[2]

(4) Plaintiff acknowledged that she will not be rehired by Defendants;

(5) Plaintiff acknowledged she suffered no physical injuries during her employment with Defendants;

(6) Defendants do not admit liability;

(7) the parties agreed to mutual non-disparagement – that they will not disparage each other;

(8) Defendants will provide a neutral employment reference if one is requested;

(9) the parties will keep the terms of their settlement confidential except as necessary to obtain court approval of the settlement; and

(10) the Court will retain jurisdiction for 45 days to enforce the terms of the parties' settlement agreement.

At the conclusion of the October 9, 2024 settlement conference, I announced the Terms on the record. Both Plaintiff's counsel and Defendants' counsel confirmed on the record that the Court accurately stated all of the material terms of the parties' agreement. Additionally, both parties – Andrea Lescano and Jaime Franco (on behalf of himself and Franco and Company LLC) – confirmed on the record that they heard me read the Terms, that they understood the Terms, and that they agreed to the Terms. Ms. Lescano, who was using the services of a certified interpreter, additionally confirmed that she was able to hear and understand everything I said through the interpreter and that she understood the Terms as translated by the interpreter. After the parties and their attorneys provided the foregoing confirmations, I congratulated the parties, noting that we had a "binding agreement."

I then proceeded to conduct a fairness hearing, as the parties indicated they were going to consent to magistrate judge jurisdiction (which they have since done). As discussed in further detail on the record, I found that the parties' settlement was a fair and reasonable resolution of a

---

[2] This term does not release Defendants from their obligations under the parties' settlement agreement.

2

bona fide FLSA dispute.  Therefore, I approved the parties' settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Notwithstanding the foregoing, Plaintiff now refuses to sign a written settlement agreement memorializing the terms that the parties agreed upon at the October 9, 2024 settlement conference.  Therefore, Defendants filed the Motion to Compel.  In response,[3] Plaintiff states, "I don't think it's right to sign this agreement with which I don't agree and even say [sic] points that were not agreed in the mediation."  [DE 37] at 1.  Plaintiff also takes issue with, among other things, her attorney's actions and advice.  Neither the Motion nor the response provide a copy of the written settlement agreement that was exchanged between the parties, so I do not know whether that agreement is consistent with the Terms.  However, the Terms noted above are the specific terms that the parties agreed upon at the settlement conference.  In other words, the Terms constitute the parties' settlement agreement.

Here, I find it appropriate to require the parties to comply with their settlement agreement (i.e., the Terms).  "The construction and enforcement of settlement agreements are governed by principles of the state's general contracts law." *Broadnax v. Sand Lake Cancer Ctr., P.A.*, 819 F. App'x 799, 801 (11th Cir. 2020) (quoting *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985)).  "In both Florida and federal courts, 'settlements are highly favored and will be enforced whenever possible.'" *Id.* (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)).  "To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Id.* (quoting *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002)); *see also Berman v. Kafka*, 518 F. App'x 783, 785 (11th Cir. 2013) ("A

---

[3] Although I find that Plaintiff's response should be stricken, *see supra* note 1, I have considered what Plaintiff states in her response and find that it does not change the fact that the parties reached a binding settlement at the October 9, 2024 settlement conference.

3

court will enforce a settlement agreement as long as there is objective evidence to enable the court to discover the essential terms of the settlement."). "Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement." *Broadnax*, 819 F. App'x at 801 (quoting *Spiegel*, 834 So. 2d at 297). Moreover, a settlement agreement does not have to be in writing or signed to be enforceable. *Portner v. Koppel*, 382 So. 3d 742, 748 (Fla. 4th DCA 2024). "A settlement agreement is enforceable if there is a clear understanding of the agreement on the record 'notwithstanding that it was subject to being reduced to writing at a later time.'" *Berman*, 518 F. App'x at 785 (quoting *Farrell v. Farrell*, 661 So. 2d 1257, 1259 (Fla. 3d DCA 1995)).

As made clear on the record following the October 9, 2024 settlement conference, the parties clearly agreed on all essential terms and reached a binding settlement agreement. No further evidence is needed to confirm this point as I presided over the settlement conference, confirmed the Terms on the record at the conclusion of the settlement conference, and confirmed that the parties understood and agreed to those Terms. Although Plaintiff now refuses to execute a written settlement agreement, "the execution of [] settlement documents was not a condition precedent to the settlement agreement, but rather a mere procedural formality which both parties to the settlement agreement were obliged to perform." *Boyko v. Ilardi*, 613 So. 2d 103, 104 (Fla. 3d DCA 1993); *see also Clough Mktg. Servs., Inc. v. Main Line Corp.*, 313 F. App'x 208, 211 (11th Cir. 2008) ("The later drafting of the written settlement agreement 'may have been a condition of the performance but it was not an act necessary' for the parties to reach an agreement to settle."); *Calderon v. Springs Landscape & Maint., Inc.*, No. 17-22869-CIV, 2018 WL 5098976, at *2-3 (S.D. Fla. Aug. 9, 2018), *report and recommendation adopted*, 2018 WL 6444227 (S.D. Fla. Dec. 10, 2018).

For the foregoing reasons, and for the reasons discussed on the record at the conclusion of the October 9, 2024 settlement conference, it is **ORDERED and ADJUDGED** that:

1. The Motion to Compel [DE 35] is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that the parties are ordered to comply with the Terms of their agreement but denied to the extent that Defendants are seeking to compel Plaintiff to sign a written settlement agreement (as the parties have a binding agreement even without a written, executed settlement agreement).[4] Defendants shall make the payment(s) due under the parties' settlement agreement within 30 days of the date of this Order.

2. The Terms of the parties' settlement agreement are **APPROVED**.

3. Plaintiff's response [DE 37] to the Motion to Compel is **STRICKEN**.

4. This case is **DISMISSED with prejudice**. However, the Court reserves jurisdiction to enforce the parties' settlement for 45 days from the date of this Order.

5. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.[5]

---

[4] In the Motion to Compel, Defendants also request an award of fees incurred for having to bring the motion. However, they only include their fee request in passing at the end of the motion and cite no authority justifying an award of fees. Moreover, the Terms did not include any provision for an award of fees to enforce the settlement agreement. Therefore, Defendants' request for an award of fees is denied.

[5] I note that Plaintiff has filed a Motion for Referral to Volunteer Attorney Program [DE 38]. To the extent that her motion is not moot, I find that it is still due to be denied. "Civil litigants have no absolute constitutional right to counsel." *Webb v. Miami-Dade Cnty.*, No. 23-13395, 2024 WL 4222573, at *6 (11th Cir. Sept. 18, 2024) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). Although district courts may appoint counsel for indigent parties, "[a]ppointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Id.* (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)) (alteration adopted). Here, no circumstances (and certainly not exceptional circumstances) warrant appointment of counsel for Plaintiff or referral to the Volunteer Attorney Program. This case concluded by settlement, and nothing remains to be done in this case beyond consummation of the parties' settlement. Moreover, Plaintiff is still represented by counsel in this matter.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of November 2024.

Jared M. Strauss
United States Magistrate Judge